No. 922

REED v. WALKER

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 731. Decided June 30, 1926

190. BULK SALES ACT—Where vendee does not strictly conform to Bulk Sales Act, and creditor of vendor has notice of sale, given verbally by vendee, said creditor remaining silent until after transaction had been completed and purchase money paid he cannot establish his claim against the vendee, for his unequitable action in failing to assert against the vendor does not justify the equitable relief sought.

BY THE COURT.

W. S. Walker purchased the confectionery store of one Killpack on Oct. 3, 1925. William Reed was a creditor of Killpack; but Walker did not strictly conform to the Bulk Sales Act by demanding a full and accurate list of the creditors of the vendor or by giving notice to Reed.

Reed sought to recover from Walker in the Montgomery Common Pleas, but a decree was entered in favor of Walker, the Court holding that Reed's claim was not within the purview of the Bulk Sales Act.

Walker, it seems, had verbally notified Reed, prior to the purchase, that he intended to buy the stock and fixtures of Killpack and Reed notified Walker that he had a claim but trusted to the honesty of Killpack to pay same out of the proceeds of the purchase and took no steps to protect his claim as against Walker. Reed appealed from the decree of the court below and the Court of Appeals held:

1. Reed's claim comes within the purview of the Bulk Sales Act for the reason that this act seeks to protect all creditors of the vendor; but even if it was limited to merchandise creditors, Reed comes within this class.

2. In order to justify equitable relief, Reed was bound to present an equitable case in his own behalf.

3. Reed knew of the sale at least ten days before it was actually consummated and he was bound in equity to act with diligence and it was his duty to take steps to assert his claim against the stock by giving notice to Walker that he intended to make claim against said stock.

4. A court of equity would not be justified in establishing a claim against the purchaser after the completion of the transaction and

after the purchase money had been paid, Reed having stood silently by until after Walker had purchased.

5. Judgment of the court below sustained upon the ground that Reed does not present sufficient equity to justify the relief sought.

Decree for Walker.

Attorneys—Legler & Murray for Reed; Egan & Delscamp for Walker; all of Dayton.